UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIE MALAMPHY AND OTHERS, SIMILARLY SITUATED,

        Plaintiffs,

vs.

ABUNDANT LIFE HOME HEALTH AGENCY, INC.

        Defendants.

_____/

Case No.:

**CLASS REPRESENTATION**

## FAIR LABOR STANDARDS ACT COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Marcie Malamphy, individually and on behalf of others similarly situated, sues Defendant, Abundant Life Home Health Agency, Inc., a Florida corporation, and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid overtime wages brought under the laws of the United States of America. Jurisdiction is conferred upon this Court by 28 U.S.C. §1337, and by 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA").

2. Plaintiff works as a licensed practical nurse (LPN) for the Defendant, Abundant Life Home Health Agency, LLC in Pinellas County, Florida. Each named or represented opt-in Plaintiff is an "employee" within the meaning of 29 U.S.C. §203(e).

3. Defendant, Abundant Life Home Health Agency, Inc. ("Abundant Life" or "Employer") is a corporation, which operates a closely held private nursing agency in Pinellas County, Florida.

4. The Defendant is an "employer" within the meaning of the FLSA 29 U.S.C. §203(a).

5. In the course of her employment Plaintiff, and all of those similarly situated persons who may hereinafter opt-in to this lawsuit, was individually engaged in commerce because she was employed to supply medical services to patients using instrumentalities of interstate commerce and used products sent through interstate commerce.

6. The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

7. By reason of the foregoing, the Employer is, and at all times material to this action was, an "enterprise" engaged in "commerce" or in the production of goods or services for commerce. Additionally, the Plaintiff was individually engaged in commerce within the meaning of Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s).

## CLASS ALLEGATIONS

8. The named Plaintiff is similarly situated to an unknown number of other LPNs or nurses with lesser or more advanced credentials who are non-exempt and who are currently working for the Employer or have worked for the Employer during any part of the past three years.

9. The named Plaintiff and those similarly situated works worked under a plan whereby they were paid an hourly wage and were non-exempt within the meaning of the FLSA.

10. On a bi-weekly basis, the Employer would permit each employee to receive a paycheck based upon the hours worked in the previous two weeks.

11. This bi-weekly pay period, which shall be referred to as the Pay Period, contemplated a 40-hour workweek but an 80 hour Pay Period, however, the Employer suffered

this Plaintiff and those similarly situated to work in excess of 80 hours during some or all of the relevant Pay Periods and over 40 hours during the workweek.

12. During those weeks in which Plaintiff and those similarly situated worked in excess of 40 hours, Employer failed to pay overtime wages, and instead created an elaborate and deceptive accounting system that changed Plaintiff's hourly wage from pay period to pay period and gave her made-up "bonuses" to create the impression that Plaintiff was being paid overtime when in fact, Plaintiff earned $17.00 for each and every hour she worked irrespective of how many hours she worked, what her "hourly rate of pay" was or how much her "bonus" was.

13. The named Plaintiff and those similarly situated were routinely scheduled to work, and actually did work, and regularly clocked well in excess of forty hours per work week. Accordingly, during each bi-weekly Pay Period, the Employer failed to pay Plaintiff and those similarly situated overtime at the rate of one and one half times her regular hourly wage.

14. Plaintiff complained to the Employer's administrative office on at least two occasions about Employer's pay practices, but was told that Employer "just does not pay overtime."

## ATTORNEY'S FEES

15. Plaintiff has engaged the services of the undersigned attorney and has agreed to pay a reasonable attorney's fees for his services.

## ENTITLEMENT TO ATTORNEY'S FEES

16. Plaintiff, and those similarly situated, are entitled to an award of prevailing party attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and other related authority.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

(Failure to Pay Overtime)

17. Plaintiff and those similarly situated repeats and realleges paragraphs 1-16 as if repeated at length herein.

18. At all times during her employment, the Plaintiff and those similarly situated, were employees required to be paid overtime equal to one and one half times her hourly rate for every hour worked over 40 in the workweek for the Employer.

19. For the entire three-year period preceding the filing of this lawsuit, ("the applicable period covered by this Complaint"), the Employer violated the provisions of the FLSA, 29 U.S.C. §207(a) and §215(a)(2) by failing to pay the Plaintiff and other similarly situated employees overtime during numerous applicable pay periods.

20. The Employer knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime and remains owing the named Plaintiff and other similarly situated employees overtime for every hour worked during the three-year period preceding this lawsuit for which they were not paid overtime wages. Accordingly, Plaintiff and those similarly situated are entitled to recover double or liquidated damages.

## JURY DEMAND

21. Plaintiff, and those similarly situated, demands trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

WHEREFORE, Plaintiff, and others similarly situated demand the following:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

b. Awarding the highest applicable overtime wage for every hour worked by her and those similarly situated, or as much as is allowed by the Fair Labor Standards Act, in an amount to be proven at the time of trial;

c. Awarding an additional like amount as liquidated damages;

d. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b), and;

e. Awarding any and all such other relief which this Court may deem reasonable under the circumstances.

f. Additionally, in the event that Plaintiff does not recover liquidated damages as allowed, then Plaintiff and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

Dated: February 8, 2016

Law Office of Constantine W. Papas, P.A.

_____
Constantine W. Papas, Lead Counsel
Fla. Bar No.: 0089974
1277 N. Semoran Blvd. Ste 106
Orlando, FL 32807
Tel: (407) 347-6502
Fax: (407) 206-3655
E-mail: cwp@deanpapaslaw.com